**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GLO SCIENCE, INC. | ) | |
| a Delaware Corporation | ) | |
| 10 W 37th Street, Suite 1001 | ) | |
| New York, NY   10018 | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Oral Care Products, LLC | ) | |
| a Delaware Limited Liability Company | ) | |
| 100 North Sepulveda Boulevard, Suite 1600 | ) | |
| El Segundo, CA   90245 | ) | |
| | ) | |
| Defendant. | ) | |

_____

**COMPLAINT**
_____

GLO SCIENCE, INC. (hereinafter, "Plaintiff" or "GLO SCIENCE") files this Complaint

against Defendant ORAL CARE PRODUCTS, LLC (hereinafter, "Defendant" or "Oral Care"),

and alleges as follows:

**THE PARTIES**

1.    GLO SCIENCE is a corporation duly incorporated in the State of Delaware having a

place of business at 10 West 37th Street, Suite 1001, New York, New York  10018.  GLO

SCIENCE is doing business in this District.

2.    GLO SCIENCE is the exclusive licensee of JBL RADICAL INNOVATIONS, LLC

("JBL"), a Delaware limited liability company having a place of business at 923 Fifth Avenue,

1

New York, New York  10021, for inventions covered by U.S. Patents at issue in this civil action as described in greater detail hereinafter.

3.    Upon information and belief, Oral Care is a limited liability company which manufactures, offers to sell, and sells oral care related mouthpieces, including in this District and employs false advertising in so doing.

4.    The Oral Care mouthpieces infringe certain patents owned by JBL and which JBL exclusively licenses to GLO SCIENCE as will be described in greater detail hereinafter.

## NATURE OF THE ACTION

5.    This is an Action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a) and for patent infringement arising under the patent laws of the United States including 35 U.S.C. §§ 271, 281, 283, 284, 285 and 289.

## JURISDICTION AND VENUE

6.    This is an Action for false advertising arising under the Lanham Act, 15 U.S.C. § 1125(a) and patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271 *et seq*.

7.    This Court has jurisdiction over the subject matter of this Action under 28 U.S.C. § 1331, 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1338(a) and (b) and 1367(a).

8.    This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is doing business in this District, has committed acts of false advertising and infringement in this District, and has caused harm or tortious injury in this District by its acts therein, as covered by New York's Long-Arm Statute, N.Y. Civ. Pract. L. R. § 302.

9.    Venue properly lies in this District under 28 U.S.C. §§ 1391(b) and (d), and 1400(b) because, upon information and belief:  (1) Defendant is subject to personal jurisdiction in this

District, (2) regularly conducts business in this judicial District, (3) has committed acts of false advertising in this judicial District that are actionable under the Lanham Act, (4) offers products for sale in this judicial District that infringe Plaintiff's intellectual property rights, (5) has derived substantial revenue and profits from the sale of its infringing products in this judicial District to Plaintiff's detriment, and (6) a substantial part of the events or omissions giving rise to the claims set forth herein have occurred in this judicial District.

## **FACTUAL BACKGROUND**

10.   JBL is the owner of U.S. Patent No. D636,074 (the '074 patent), issued April 12, 2011 from application Serial No. 29/363,728, filed June 14, 2010.  See Exhibit 1.  The '074 patent remains in full force and effect.

11.   GLO SCIENCE is the exclusive licensee of the '074 patent.

12.   The '074 patent covers the ornamental appearance of a mouthpiece.

13.   JBL is the owner of U.S. Patent No. D765,255 (the '255 patent), issued on August 30, 2016 from application Serial No. 29/492,179, filed on May 29, 2014.  See Exhibit 2.  The '255 patent remains in full force and effect.

14.   GLO SCIENCE is the exclusive licensee of the '255 patent.

15.   The '255 patent covers the ornamental appearance of a mouthpiece.

16.   Upon information and belief, Defendant has been and is actively selling and marketing tooth whitening systems using the trademarks "PROLITE®" and "smileactives®." The tooth whitening systems include mouthpieces as shown in Exhibit 3.

17.   Upon information and belief, the mouthpieces identified in paragraph 16 above are sold in connection with a tooth shade guide shown in Exhibit 4 which depicts a line of teeth with

progressively whiter shades.  The teeth in the line of teeth are identified by odd numbers from 1 to 29.

18.    Plaintiff encloses with its patented mouthpiece a tooth shade guide with numbering from "1" to "16" in consecutive whole numbers.  An image of Plaintiff's tooth shade guide is attached as Exhibit 5.  Attached as Exhibit 6 is a chart which compares Plaintiff's numerical tooth shade numbers (labeled "Glo Science") with those of Defendant (labeled "SmileActives").  Also included in the chart are the shades that a professional dentist uses and is well known as the "Vital Classic Lumin shade guide" (labeled "VITA Guide").  In Exhibit 6, vertical columns correspond to substantially the same tooth shade color.

19.    On information and belief, the average consumer has little or no understanding of the meaning of numbers and letters on a tooth shade guide and relies upon information provided by a seller of tooth whitening products and systems for an understanding of that meaning.

20.    As is understood, when comparing numerical tooth shade numbers, the lower the number, the whiter the tooth.  Thus, looking at Exhibit 6, for example, Plaintiff's tooth shade number 14 corresponds to Defendant's tooth shade number 25.  Thus, if use of Plaintiff's mouthpiece results in lightening of tooth color to shade number 10 on their guide, this corresponds to shade number 17 on Defendant's guide.  Thus, upon information and belief, the average consumer comparing the performance of the respective mouthpieces would be led to believe that Plaintiff's mouthpiece whitened their teeth by 4 shade numbers while Defendant's mouthpiece whitened their teeth by 8 shade numbers.  Plaintiff is unaware of any third party other than Defendant who employs a tooth shade guide numbering system that skips every other number in the sequence of tooth shades.

21.     On information and belief, the average consumer comparing the tooth shade guides of Plaintiff and Defendant believes that Defendant's tooth whitening system is more effective in whitening teeth than is that of Plaintiff, because it appears to the average consumer that, based upon the numbering systems, a person utilizing Defendant's system is advancing in the whitening process by significantly more numbers than is the case when utilizing Plaintiff's system.

22.     Plaintiff and Defendant both advertise, promote and sell tooth whitening systems, including mouthpieces, on the well-known television network "QVC."

23.     Exhibit 7 consists of a copy of a transcript from Defendant's promotion of its tooth whitening systems on QVC dated December 19, 2017.  On the third page of the transcript, beginning at the time stamp 04:12, Defendant's representative "Dr. Wachs" explains that use of Defendant's tooth whitening system for seven days results in a tooth shade improvement of "Up to 12 shades brighter."  Dr. Wachs further explains that the average improvement is "7.7 shades."

24.     On information and belief, when Dr. Wachs describes the shade improvement as "Up to 12 shades" and an average improvement of "7.7 shades," he is referring to Defendant's tooth shade guide that skips every other number.  As such, in fact, the shade improvement is actually up to 6 whole numbers and an average of 3.85 whole numbers.

25.     Exhibit 8 consists of a copy of a transcript from Plaintiff's promotion of its tooth whitening systems on QVC dated October 6, 2017.  On the sixth page of the transcript, beginning at time stamp 07:56, Stacey Levine states that through use of Plaintiff's tooth whitening system, tooth shade improves "five shades" in "just five days."  When Ms. Levine refers to "five shades," she is referring to Plaintiff's tooth shade guide (Exhibit 5) which uses consecutive whole numbers.

5

26.     With reference to paragraphs 22-25 above, Defendant's use of its own tooth shade guide which skips every other number, makes it appear that Defendant's tooth whitening system is more effective in whitening teeth than Plaintiff's tooth whitening system.  Defendant's representation is that its system whitens teeth an average of 7.7 numbers and up to 12 numbers while Plaintiff's system is represented to whiten teeth by 5 numbers.  However, when Defendant's representations are divided in half, which one must do to normalize the numbers with those of Plaintiff, the actual comparison is that Plaintiff's system whitens by 5 shade numbers while Defendant's system whitens by an average of 3.85 shade numbers and up to 6 shade numbers.  Thus, either Plaintiff's system performs better than Defendant's system (5 vs. 3.85) or the two systems are substantially the same (5 vs. 6).

27.     Defendant has infringed and continues to infringe the '074 patent and '255 patent by making, using, offering to sell, and selling mouthpieces as shown in Exhibit 3 using the trademarks mentioned in paragraph 16 above, throughout the United States including in this judicial District.

28.     Plaintiff actively manufactures, markets and distributes tooth whitening mouthpieces covered by JBL's patents.  See Exhibit 9.  Given the virtually identical appearance between Plaintiff's mouthpiece and that of Defendant, upon information and belief, Defendant's infringement is deliberate, willful, wanton, and intentional.

29.     Defendant has caused and will continue to cause Plaintiff substantial damages and injury including Plaintiff's loss of unique product positioning and lost profits due to lost sales of its systems including its patented mouthpieces by virtue of Defendant's past and continuing false advertising and infringement of the '074 and '255 patents.

30.     As explained above, Defendant advertises its tooth whitening systems on a cable channel known as "QVC."  A transcript of a program that aired on June 25, 2017 is attached as Exhibit 10.  That transcript highlights a number of further instances of false advertising over and above those identified in paragraphs 23 and 24 above with reference to Exhibit 7.  For example, at lines 21-27 of Exhibit 10, the announcer describes a whitening process that whitens teeth from shade 29 to shade 15.  Although this means the whitening only advanced 7 shade numbers (see Exhibit 4), in fact, the average consumer is led to believe the whitening advanced 14 shade numbers.  At lines 44-45 of Exhibit 10, Defendant falsely claims that their "scientists were the first people to pioneer" whitening teeth using LED lights.  Lines 58-59 of Exhibit 10 describe whitening "12 shades" when, in fact, it is only 6 shades.

31.     All of the statements quoted in paragraphs 23-24 and 30 mislead the average consumer who believes each successive whole number signifies a whitening step but, in fact, Defendant skips a number for each whitening step leading the average consumer to believe their teeth have been whitened by two steps when, in fact, they have only whitened their teeth by one step.

32.     Over and above monetary damages to Plaintiff caused by Defendant's actions to date, Plaintiff will suffer further damage and injury unless and until Defendant is enjoined by this Court from continuing such infringement.  The damage caused by Defendant is irreparable and cannot be adequately compensated for solely in monetary damages.

## COUNT I

### (False Advertising by Defendant)

33.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-32.

7

34.   By utilizing a tooth shade chart that misleads consumers into believing Defendant's tooth whitening systems are more effective than tooth whitening systems sold by Plaintiff, Defendant is committing false advertising.

35.   The false statements set forth in paragraphs 23-24 and 30 above and with reference to Exhibits 4, 7 and 10 deceive consumers into believing that Defendant's mouthpieces are more effective than they truly are.  Upon information and belief, this deception is undertaken by Defendant to induce consumers to purchase Defendant's tooth whitening systems instead of those of Plaintiff.  Consumers induced to purchase Defendant's tooth whitening systems including Defendant's mouthpieces based upon a fraudulent tooth shade chart and false statements utilized in advertising and promoting sales of those tooth whitening systems and mouthpieces deceives consumers in a material way.

36.   Defendant's fraudulent tooth shade chart and false statements have damaged or are likely to damage Plaintiff by placing Plaintiff at a competitive disadvantage in the marketplace, thereby causing commercial damage to Plaintiff.

## COUNT II

### (Infringement of the '074 Patent by Defendant)

37.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-36.

38.   Defendant has been and is now infringing the '074 patent by making, using, selling, offering for sale, and/or importing into the United States, including in this District, his mouthpiece.

39.   Upon information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendant's acts of infringement have been made with full knowledge of the '074 patent particularly since it issued

over five years ago.  Such acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages and attorneys' fees.

40.    As a consequence of Defendant's infringement, Plaintiff has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

41.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, which in no event can be less than a reasonable royalty, as well as for lost profits.

## COUNT III

### (Infringement of the '255 Patent by Defendant)

42.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-41.

43.    Defendant has been and is now infringing the '255 patent by making, using, selling, offering for sale, and/or importing into the United States, including in this District, his mouthpiece.

44.    Upon information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendant's acts of infringement have been made with full knowledge of the '255 patent particularly since the mouthpiece covered by the '255 patent has been actively and extensively marketed by GLO SCIENCE as exclusive licensee of JBL.  Such acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages and attorneys' fees.

45.    As a consequence of Defendant's infringement, Plaintiff has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such

9

acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

46.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, which in no event can be less than a reasonable royalty, as well as for lost profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(A)    That the Court enter judgment that Defendant has committed false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

(B)    That the Court enter an Order awarding Plaintiff Defendant's profits directly attributable to its false advertising, all other damages sustained by Plaintiff resulting from Defendant's false advertising, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

(C)    That the Court enter an Order deeming this case an "exceptional case" concerning Defendant's false advertising and awarding Plaintiff their reasonable attorneys' fees expended in litigating the issues, pursuant to 15 U.S.C. § 1117(a).

(D)    That this Court enter Judgment that the '074 patent has been infringed by Defendant (35 USC § 271(a)) and that such infringement has been willful.

(E)    That this Court enter Judgment that the '255 patent has been infringed by Defendant (35 USC § 271(a)) and that such infringement has been willful.

(F)    That this Court issue an injunction, permanently enjoining Defendant and any officers, agents, subsidiaries, successors, employees, representatives, and assigns affiliated with Defendant from further patent infringement (35 USC § 283).

(G)    That this Court award damages to Plaintiff adequate to compensate Plaintiff for all acts of infringement by Defendant (35 USC § 284) including for lost profits (35 USC § 289).

(H)    That this Court award damages in the amount of Defendant's total profits realized for the infringing mouthpieces (35 U.S.C. § 289).

(I)    That the damages awarded be increased up to three times as provided for in 35 U.S.C. § 284 concerning patent infringement.

(J)    That Plaintiff be awarded their attorneys' fees under 35 U.S.C. § 285.

(K)    That Plaintiff be granted pre-judgment interest pursuant to 35 U.S.C. § 284 and post-judgment interest pursuant to 28 U.S.C. § 1961 continuing thereafter until such judgment is paid, on the damages caused by reason of the acts of Defendant as set forth above.

(L)    That Plaintiff be granted an award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Defendant's willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284.

(M)    That Plaintiff be awarded their costs and expenses in this action pursuant to 35 U.S.C. § 284.

(N)    That the Court order Defendant to deliver to Plaintiff all infringing mouthpieces and their packaging as well as all mouthpiece and packaging molds, templates and proofs for destruction.

(O)    That the Court order Defendant to identify the manufacturer of its infringing mouthpieces including their location and the location of any molds or other tooling employed in manufacturing the mouthpieces and creating their packaging.

(P)    That this Court grant Plaintiff such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 30, 2018                    Respectfully submitted,


By:      s/David B. Sunshine
        David B. Sunshine (DS 0973)
        COZEN O'CONNOR
        277 Park Avenue
        New York, New York 10172
        (212) 883-4900 (phone)
        (212) 986-0604 (facsimile)
        dsunshine@cozen.com


        H. Jay Spiegel (*pro hac vice* to be filed)
        H. JAY SPIEGEL & ASSOCIATES
        Va. Bar No. 20647
        P.O. Box 11
        Mount Vernon, Virginia 22121
        (703) 619-0101 (phone)
        (703) 619-0110 (facsimile)
        jayspiegel@aol.com


        Attorneys for Plaintiff
        GLO SCIENCE, INC.